**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES                  *

vs.                                *    Case No.: 22-15 APM

THOMAS E. CALDWELL        *
(U.S. v. Elmer Stewart Rhodes)
   *    *    *    *    *    *    *    *    *    *    *

**<u>Caldwell's Opposition to the Government's Motion in Limine (ECF No. 214)</u>**

COMES NOW, the Defendant, Thomas E. Caldwell ("Caldwell"), by and through his attorney, David W. Fischer, Esq., and respectfully moves this Court to deny requests by the Government for the Court to exclude certain evidence from trial, and in support of said motion states:

1. On July 29, 2022 the Government filed a Motion in Limine seeking to exclude from evidence, *inter alia*, "evidence pertaining to defendants' diminished physical capacity," "testimony regarding mental health or medications," and "testimony regarding . . . [the defendant's] veteran disability status." (ECF No. 214 at 7-9).

2. Caldwell has not proffered "expert" testimony to use at trial regarding his physical condition. The Government, however, is fully aware of Caldwell's documented, debilitating medical conditions and use of prescription medications in relation to the time-frame of the alleged conspiracy. In addition to a detailed FBI interview on January 19, 2021 wherein Caldwell provided agents with a detailed laundry-list of his ailments and prescription medications, undersigned counsel and previous

1

defense counsel have saturated prior court filings with representations regarding Caldwell's physical disabilities. Additionally, three weeks ago undersigned counsel provided the Government with medical documentation from multiple physicians as to Caldwell's most substantial ailments and proof from the Veterans Administration of his status as a 100% service-connected disabled veteran. Finally, discovery revealed that the FBI, as part of its investigation, sought and received Caldwell's military records from the Department of Defense which, presumably, included his service-connected medical issues.

3. Caldwell's compromised physical condition on or about January 6, 2021 included: a prior lower back fusion surgery at L4, L5, and S1; two cervical discs that naturally fused because of disc degeneration; a mid-spine discectomy operation in August of 2020 to shave off a protruding disc; a left arm that is fastened onto his torso at the shoulder by means of a surgically-installed screw; two prior surgeries on his right shoulder to remove grinded-off bone and cartilage; a cartilage-free, bone-on-bone right hip socket that resulted in a *total* hip replacement three months ago; and a 2007 left ankle surgery to reattach tendons and ligaments. Virtually all of the Caldwell's ailments are connected to his service in the Navy.

4. As to the time-frame of the charged conspiracy, Caldwell, his wife, and multiple witnesses are prepared to testify that Caldwell had the above-referenced medical issues and accompanying, significant physical limitations, such as: the inability to run or jump; limited arm and shoulder mobility; difficulty climbing stairs; inability

to do basic yard work; diminished upper and lower body strength; and the frequent use of a cane to walk.

5. Caldwell and his wife are also prepared to testify that Caldwell, who is prescribed, *inter alia*, Opana, took extra medication the morning of January 6—akin to a professional athlete taking a cortisone shot—just to bear the pain of standing up for several hours. Caldwell's liberal use of Opana on January 6 is relevant because the jury may be puzzled as to how a person with Caldwell's claimed disabilities could possibly walk to the Capitol and climb a flight of stairs. Additionally, Caldwell's multiple prescriptions, which were observed by the FBI at the time of his arrest, are obviously relevant to back up his claims regarding physical disabilities and limitations.

6. Caldwell's physical condition on or about January 6, 2021 is highly relevant to multiple issues. First, the Government has made multiple, sweeping claims that Caldwell was the leader of a Quick Reaction Force ("QRF") composed of commando-types who were ready to descend upon the U.S. Capitol on J6. Caldwell, according to the Government, was also poised to captain a boat on the Potomac and deliver weapons in furtherance of the alleged conspiracy. Caldwell's debilitations belie that he had the physical strength to engage in combat, assaultive behavior, ferrying "heavy" weapons to others, or that he could even stand up on a boat in the choppy waters of the Potomac River.

7. Additionally, the Government has cited Caldwell's Facebook messages wherein he talked about picking up his American flag and leading a charge up Capitol Hill.

Again, evidence of Caldwell's physical limitations is relevant and probative as to whether he was physically capable of actually charging up Capitol Hill.

8. Further, the Government has previously cited at least a dozen text messages wherein Caldwell talked about "storming barricades," "smiting them down," "hunting," and other macho statements which, out of context, make Caldwell sound like a person capable and intent on doing great violence.  Evidence of Caldwell's physical condition is relevant to demonstrate to the jury that he was incapable of engaging in the macho acts he mused about in private messages on Facebook.

9.  Additionally, Caldwell is charged with crimes where the ability to use force is either an essential element of the offense or is a "method and means" referred to in the Indictment.  Seditious conspiracy, for example, requires an intent to use force which, accordingly, makes Caldwell's inability to use physical force relevant on that issue.  Moreover, allegations that Caldwell aided and abetted others in pushing into the Capitol to obstruct the Electoral College certification would seem less plausible to a jury in light of Caldwell's physical limitations.  Finally, the simple fact that Caldwell is in severely compromised health would make it less likely in the eyes of a jury that his intent in going to Washington, D.C. on J6 was to engage in violence.

10.  Next, evidence of Caldwell's "veteran disability status" is admissible.  First, Caldwell's designation by the Veteran's Administration as "100% disabled" backs up his assertions about his physical disabilities.  Second, Caldwell's military

background was put at issue by the Government, which initially claimed that Caldwell "held a leadership role in the Oath Keepers" organization based upon Facebook messages wherein others referred to Caldwell as "the Commander." Caldwell will have to address these messages and explain that he was not the "Commander" of the Oath Keepers but, rather, a retired Lt. Commander in the U.S. Navy. Accordingly, Caldwell or others will be required to testify about Caldwell's military service, his rank, and the circumstances of his separation from the Navy. Third, evidence that Caldwell is a 100% disabled veteran is relevant because his status made him ineligible to be called upon by the President under the Insurrection Act to act as a member of the militia. Accordingly, Caldwell, who was not an Oath Keeper, was not required to follow the orders of either the President or the leader of the Oath Keepers to bring weapons into the District.

## Conclusion

For the foregoing reasons, Caldwell requests that the Court deny the Government's request to exclude from evidence testimony and other proof regarding his disabilities, handicaps, physical limitations, use of prescription medications, V.A. disability designation, and other similar issues.

Respectfully Submitted,

/s/
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
7310 Ritchie Highway, #300
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant

## **CERTFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 30th day of July, 2022, a copy of the foregoing Opposition to the Government's Motion in Limine (ECF No. 214) was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

| | |
|---|---|
| Counsel for the Government: | Office of the United States Attorney |
| | Kathryn Rakoczy, AUSA |
| | Jeffrey Nestler, AUSA |
| | 555 4th Street, NW |
| | Washington, DC 20001 |

                                              /s/
                                     David W. Fischer, Esq.