"Let this be filed"
by Judge Amit P. Mehta on
12/22/2022



From: fischer and putzi fischer <fischerandputzi@hotmail.com>
Sent: Saturday, October 29, 2022 10:45 AM
To: Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
Cc: Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; edwardtarpley_att.net <edwardtarpley@att.net>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
Subject: Re: FRE 801 (Grand Jury testimony of S/A Marc Esposito)

**CAUTION - EXTERNAL:**

Judge Mehta:

In response to the Government's email below from Mr. Edwards, please consider:

First, it is Caldwell's position that, pursuant to FRE 801(d)(20(B), the Government *ipso facto* "adopts" and "approves" the statements of government agents it places before the grand jury, i.e., the Government calls FBI agents before the Grand Jury to provide truthful, reliable information—not to commit perjury. Second, the D.C. Circuit has indicated that Rule 801(d)(2)(D), which provides that statements made by an "agent or employee on a matter within the scope of that relationship and while it existed," shall be treated as admissions by his principal, applies to the Government in criminal cases. *United States v. Morgan*, 581 F.2d 933, 938 (1978) ("As in the case of Rule 801(d)(2)(B), there is no indication in the history of the Rules that the draftsmen meant to except the government from operation of Rule 801(d)(2)(D) in criminal cases."). FBI agents are clearly "agent[s] or employee[s]" of Caldwell's party opponent (the Government) under subsection (D).

The Fourth Circuit has held that FRE 801(d)(2)(D) applies to statements offered against the Government made by criminal investigators:

"To the extent that the Government argues that because the prior statements were made by a third party they are inadmissible on hearsay grounds, its position is untenable. If [the defendant] can lay a foundation for the statements, they are admissible over any hearsay objection because [the investigative agent] made them in her capacity as a government official on matters within the scope of her employment, and as such, the statements are of a party-opponent and therefore not hearsay. *See* Fed. R. Evid. 801(d)(2)(D)."

*United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002).

The Sixth Circuit, similarly, ruled in a criminal case:

"Rule 801(d)(2)(D) provides that "[a] statement is not hearsay if . . . the statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." [The defendant's] theory is that Sumpter and Maddox acted as the government's agents in taping the conversations and that their taped statements thus may be admitted against the government. To a certain extent [the defendant] is correct. Sumpter and Maddox were acting as agents of the government, and this court has interpreted "a matter within the scope of the agency" broadly enough that "statements" of Sumpter or Maddox would be admissible against the government."

*United States v. Reed*, 167 F.3d 984, 989 (6th Cir. 1999).

Accordingly, S/A Esposito's grand jury testimony vis-a-vis having no evidence to conclude that the November 14, 2020 and December 12, 2020 events were "dry runs" for J6 are statements of a party opponent pursuant to Rule 801. His testimony directly contradicts the Indictment, Mr. Nestler's opening argument, and S/A Michael Palian's testimony, all of which suggested that Caldwell, et. al. used the prior events as dry runs for J6. S/A Esposito's redacted testimony is highly relevant on this issue and should be admitted.  Thank you for y our consideration.

David W. Fischer, Esq.

Fischer & Putzi, P.A.

Empire Towers, Suite #300

7310 Ritchie Hwy.

Glen Burnie, MD 21061

(410) 787-0826

1.

**From:** Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>
**Sent:** Friday, October 28, 2022 5:11 PM
**To:** fischer and putzi fischer <fischerandputzi@hotmail.com>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
**Cc:** Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; Edward Tarpley <edwardtarpley@att.net>; jcrisp@crisplegal.com <jcrisp@crisplegal.com>; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
**Subject:** RE: FRE 801 (Grand Jury testimony of S/A Marc Esposito)

Chambers and counsel,

The government objects and requests an opportunity to be heard on the matter.

Special Agent Marc Esposito investigated a limited portion of this case and the testimony at issue was in response to a grand juror's question, falling outside the limited scope of prior D.C. Circuit decisions admitting law enforcement statements "approved" by the United States Attorney's Office such as search warrant and complaint affidavits. Mr. Fischer has not cited a case in which the D.C. Circuit (or any other circuit) has taken that narrow scope and expanded it to cover any prior grand jury testimony, let alone testimony that is prompted by a grand juror. The government attaches it's prior opposition and caselaw for the Court's convenience.

Have a nice weekend.

**Troy A. Edwards, Jr.**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
(202) 258-1251

**From:** fischer and putzi fischer <fischerandputzi@hotmail.com>
**Sent:** Friday, October 28, 2022 3:41 PM
**To:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
**Cc:** Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Nestler, Jeffrey (USADC) <JNestler1@usa.doj.gov>; Edwards, Troy (USADC) <TEdwards1@usa.doj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; Edward Tarpley <edwardtarpley@att.net>; jcrisp@crisplegal.com; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
**Subject:** [EXTERNAL] FRE 801 (Grand Jury testimony of S/A Marc Esposito)

Judge Mehta:

Last week you denied Caldwell's request to allow into evidence a redacted transcript for FBI S/A Marc Esposito. However, you advised that you would keep an open mind on this issue as you were unclear as to what role S/A Esposito played in the FBI's investigation. Attached to this email are two attachments: S/A Esposito's full March 12, 2021 grand jury testimony, and the redacted version sought to be introduced on behalf of Caldwell.

As you may recall, in response to a grand juror's question, S/A Esposito testified that he had no evidence that the Oath Keepers participation in the November 14, 2020 and December 12, 2020 protests in Washington, D.C. were "dry runs" for January 6. The defense believes this is relevant testimony for three reasons: 1) the Indictment suggests that the November 14th and December 12th protests were dry runs; 2) the Government in opening argument specifically alleged that the Oath Keeper defendants learned "valuable lessons" from these prior events, suggesting they were dry runs; and 3) S/A Michael Palian twice suggested during his testimony that these prior events were dry runs for J6. The defense believes that S/A Esposito's grand jury testimony clearly falls under FRE 801(d)(2) as an adopted statement, a statement made by a "party authorized to make a statement on the subject," and a statement "made by the party's agent or employee on a matter within the scope of [their] relationship."

After reviewing S/A Esposito's full grand jury testimony, it is clear that this FBI agent was not a peripheral player in the instant investigation. Esposito testified that he investigated events involving the Oath Keepers related to November 14, 2020. (See pg. 11-12). He testified about Rhodes's "call to action" in early November. (See pg. 12). He provided investigatory insight on multiple defendants, including Roberto Minuta, Joshua James, Jessica Watkins and Kelly Meggs. He also investigated events related to the December 12, 2020 rally in Washington and provided testimony as to that event. (See pg. 18). In short, S/A Esposito personally investigated the prior protests held on November 14th and December 12, 2020. Accordingly, the testimony sought to be introduced by Caldwell is not only relevant and admissible under FRE 801, it was also sworn to by an FBI who personally investigated the events in question. Finally, it should be noted that S/A Esposito testified two subsequent times before the Grand Jury on J6-related matters, demonstrating his breadth of knowledge of the alleged conspiracy.

Accordingly, on behalf of Mr. Caldwell, the defense respectfully requests that the Court allow into evidence the attached redacted testimony of S/A Marc Esposito. Thank you for your consideration.

David W. Fischer, Esq.
Fischer & Putzi, P.A.
Empire Towers, Suite #300
7310 Ritchie Hwy.
Glen Burnie, MD 21061
(410) 787-0826
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



**From:** fischer and putzi fischer <fischerandputzi@hotmail.com>
**Sent:** Saturday, October 29, 2022 11:11 AM
**To:** Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
**Cc:** Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; edwardtarpley_att.net <edwardtarpley@att.net>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
**Subject:** Re: FRE 801 (Grand Jury testimony of S/A Marc Esposito)

**CAUTION - EXTERNAL:**

Judge Mehta:

My apologies for this follow-up email. However, I neglected to argue to the Court that personal knowledge is <u>not</u> a requirement for the admission of statements of party opponents. *See* **M. Graham, Federal Practice and Procedure: Federal Rules of Evidence**, Sec. 7015, at 188 (2011 ed. & 2016 Supp.) ("Personal knowledge of the matter admitted is not required[.]") & Sec. 7024 at 261-62 ("[T]he fact remains that lack of personal knowledge on the part of the declarant does not bar introduction of a statement as an admission of a party-opponent under Rule 801(d)(2)."); 2 McCormick on Evidence, Sec. 255 at 265 (Broun ed., 7th ed. 2013) ("[T]he traditional view that firsthand knowledge is not required for admissions is accepted by the vast majority of courts and adopted by the Federal Rules.").

Notably: "The requirement of personal knowledge imposed by Rule 602 is rarely applied to opposing statements, since the party is usually in a position to explain the statement at trial." 5 Weinstein & Berger, **Weinstein's Federal Evidence**, Sec. 801.30[1] & n. 13, at 801-64 (Brodin & McLaughlin ed. 2016)

Accordingly, it is Caldwell's position that S/A Esposito's grand jury testimony is admissible regardless of his tenure in the instant investigation. Thank you for your consideration.

1

David W. Fischer, Esq.
Fischer & Putzi, P.A.
Empire Towers, Suite #300
7310 Ritchie Hwy.
Glen Burnie, MD 21061
(410) 787-0826

---

**From:** Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>
**Sent:** Friday, October 28, 2022 5:11 PM
**To:** fischer and putzi fischer <fischerandputzi@hotmail.com>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
**Cc:** Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; Edward Tarpley <edwardtarpley@att.net>; jcrisp@crisplegal.com <jcrisp@crisplegal.com>; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
**Subject:** RE: FRE 801 (Grand Jury testimony of S/A Marc Esposito)

Chambers and counsel,

The government objects and requests an opportunity to be heard on the matter.

Special Agent Marc Esposito investigated a limited portion of this case and the testimony at issue was in response to a grand juror's question, falling outside the limited scope of prior D.C. Circuit decisions admitting law enforcement statements "approved" by the United States Attorney's Office such as search warrant and complaint affidavits. Mr. Fischer has not cited a case in which the D.C. Circuit (or any other circuit) has taken that narrow scope and expanded it to cover any prior grand jury testimony, let alone testimony that is prompted by a grand juror. The government attaches it's prior opposition and caselaw for the Court's convenience.

Have a nice weekend.

**Troy A. Edwards, Jr.**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
(202) 258-1251

**From:** fischer and putzi fischer <fischerandputzi@hotmail.com>
**Sent:** Friday, October 28, 2022 3:41 PM
**To:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; David Alpert <David_Alpert@dcd.uscourts.gov>
**Cc:** Hughes, Alexandra (NSD) <Alexandra.Hughes@usdoj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Nestler, Jeffrey (USADC) <JNestler1@usa.doj.gov>; Edwards, Troy (USADC) <TEdwards1@usa.doj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; phillip linder <attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; Edward Tarpley <edwardtarpley@att.net>; jcrisp@crisplegal.com; Juli Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer <bradford.geyer@formerfedsgroup.com>
**Subject:** [EXTERNAL] FRE 801 (Grand Jury testimony of S/A Marc Esposito)

Judge Mehta:



From: fischer and putzi fischer <fischerandputzi@hotmail.com>
Sent: Saturday, October 29, 2022 4:10 PM
To: David Alpert <David_Alpert@dcd.uscourts.gov>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
Cc: Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>;
Alexandra.Hughes@usdoj.gov <Alexandra.Hughes@usdoj.gov>; Sher, Justin (NSD) <Justin.Sher@usdoj.gov>; Edwards,
Troy (USADC) <Troy.Edwards@usdoj.gov>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; phillip linder
<attorneylinder@gmail.com>; Lee Bright <jlbright@gmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; Juli
Haller <hallerjulia@outlook.com>; Stanley Woodward <stanley@brandwoodwardlaw.com>; Brad Geyer
<bradford.geyer@formerfedsgroup.com>
Subject: Fw: _QRF- Attack

**CAUTION - EXTERNAL:**

Judge Mehta:

Attached are two transcripts that Caldwell seeks to introduce into evidence.

The first transcript is highlighted in yellow to show the portions Caldwell seeks to admit. I have left portions of the transcript unredacted at this time to allow the Court to review appropriate context. Specifically, Caldwell seeks to admit Assistant U.S. Attorney Manzo's statements denying that the QRFs allegedly coordinated by Mr. Caldwell were purposed to attack the U.S. Capitol on J6. Respectfully, Mr. Manzo's clear and unambiguous statements stand in direct contradiction to Mr. Nestler's opening argument wherein it was claimed that the QRFs were part of a coordinated plan to attack the Capitol. These statements are admissible under FRE 801 and are extremely relevant.

The second transcript is from Caldwell's January 19, 2021 detention hearing in the Western District of Virginia at which time Assistant U.S. Attorney Christopher Kavanaugh incorrectly advised the presiding magistrate judge that Mr. Caldwell had a "minimal criminal history" and "several traffic matters that are in fugitive status." This redacted transcript is offered under FRE 801 and is relevant as to the reliability and competency of the investigation regarding Mr. Caldwell.

1

Thank you for your consideration.

David W. Fischer, Esq.
Fischer & Putzi, P.A.
Empire Towers, Suite #300
7310 Ritchie Hwy.
Glen Burnie, MD 21061
(410) 787-0826

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2
        * * * * * * * * * * * * * *  )
 3      UNITED STATES OF AMERICA,    )      Criminal Action
                                     )      No. 22-00015
 4                   Plaintiff,      )
                                     )
 5        vs.                        )      AFTERNOON SESSION
                                     )
 6      ELMER STEWARD RHODES, III,   )      Washington, D.C.
        et al.,                      )      October 17, 2022
 7                                   )
                     Defendants.     )      1:31 p.m.
 8                                   )
        * * * * * * * * * * * * * *  )
 9


10                 TRANSCRIPT OF JURY TRIAL - DAY 12
11              BEFORE THE HONORABLE AMIT P. MEHTA,
                    UNITED STATES DISTRICT JUDGE
12


13      APPEARANCES:

14
        FOR THE GOVERNMENT:      KATHRYN L. RAKOCZY, ESQ.
15                               TROY A. EDWARDS, JR., ESQ.
                                 JEFFREY S. NESTLER, ESQ.
16                               LOUIS MANZO, ESQ.
                                 UNITED STATES ATTORNEY'S OFFICE
17                                 FOR THE DISTRICT OF COLUMBIA
                                 601 D Street, Northwest
18                               Washington, D.C. 20579

19                               ALEXANDRA S. HUGHES, ESQ.
                                 JUSTIN T. SHER, ESQ.
20                               U.S. DEPARTMENT OF JUSTICE
                                 950 Pennsylvania Avenue, Northwest
21                               Washington, D.C. 20530

22
        FOR THE DEFENDANT        PHILLIP A. LINDER, ESQ.
23             RHODES:           JAMES L. BRIGHT, ESQ.
                                 EDWARD L. TARPLEY, JR., ESQ.
24                               BARRETT BRIGHT LASSITER LINDER
                                 3300 Oak Lawn Avenue
25                               Suite 700
                                 Dallas, Texas 75219
```

```
 1      APPEARANCES, CONT'D:

 2      FOR THE DEFENDANT          STANLEY E. WOODWARD, JR., ESQ.
              MEGGS:               BRAND WOODWARD LAW
 3                                 1808 Park Road, Northwest
                                   Washington, D.C. 20010
 4
                                   JULI HALLER, ESQ.
 5                                 LAW OFFICES OF JULI HALLER
                                   601 Pennsylvania Avenue, Northwest
 6                                 Suite 900
                                   Washington, D.C. 20036
 7

 8      FOR THE DEFENDANT          BRADFORD L. GEYER, ESQ.
              HARRELSON:           FORMERFEDSGROUP.COM, LLC
 9                                 141 I Route 130 South
                                   Suite 303
10                                 Cinnaminson, New Jersey 08077

11

12      FOR THE DEFENDANT          JONATHAN W. CRISP, ESQ.
              WATKINS:             CRISP AND ASSOCIATES, LLC
                                   4031 North Front Street
13                                 Harrisburg, Pennsylvania 17110

14

15      FOR THE DEFENDANT          DAVID W. FISCHER, SR., ESQ.
              CALDWELL:            FISCHER & PUTZI, P.A.
                                   7310 Governor Ritchie Highway
16                                 Glen Burnie, Maryland 21061

17

18      REPORTED BY:              LISA EDWARDS, RDR, CRR
                                   Official Court Reporter
19                                 United States District Court for the
                                     District of Columbia
20                                 333 Constitution Avenue, Northwest
                                   Room 6706
21                                 Washington, D.C. 20001
                                   (202) 354-3269

22

23

24

25
```

1    Q.   Okay.  Which direction on that map would the Capitol be?

2    A.   To the east.

3    Q.   Okay.  Fair enough.

4         And, Agent, where you just -- where you pointed up

5    here, M Street, where Mr. Caldwell is sending the QRF, you

6    would agree that that's going in a different direction than

7    where the United States Capitol is.

8    A.   I don't recall any messages that the QRF were

9    specifically for anything at the Capitol.

10   Q.   I'm sorry?  Are you -- you're saying the QRF had nothing

11   to do with the Capitol?

12   A.   No.  I said I didn't see any messages that that would

13   have been the destination of the QRF.

14   Q.   Well, you understand the Government's entire theory was

15   the QRF is for the purpose of attacking the United States

16   Capitol.  Right?

17   A.   That is not my understanding.

18             MR. MANZO:  Objection.

19             THE COURT:  Sustained.

20             MR. FISCHER:  Your Honor, could we get on the

21   phone?

22             (Whereupon, the following proceedings were had at

23   sidebar outside the presence of the jury:)

24             MR. FISCHER:  Your Honor, during the opening

25   argument, Mr. Nestler specifically said that this QRF was to

1    attack the Capitol.  I have the transcript.

2            THE COURT:  Okay.  If that's what he said.  You've

3    probably got a better recollection than I do.  Okay.

4            Mr. Manzo?

5            MR. MANZO:  We would disagree with that unless we

6    saw the transcript.  And talking about the legal theory of

7    the case --

8            MR. FISCHER:  Your Honor, what it says is:  You

9    will hear evidence during this trial that these five

10   Defendants reached an agreement with each other to stage an

11   arsenal of firearms, including semiautomatic rifles, just

12   across the Potomac in Arlington and to physically prevent

13   members from coming -- from meeting and certifying the

14   election as they descended upon D.C. to attack not just the

15   Capitol, not just Congress, not just our government, but our

16   country.

17           MR. MANZO:  And we would disagree with

18   Mr. Fischer's assertion that the QRF was to attack the

19   Capitol.  The QRF was available.

20           THE COURT:  I'm sorry?

21           MR. MANZO:  The QRF was available and then there

22   was an attack on the Capitol.

23           THE COURT:  Well, look, you can ask the question

24   and she'll answer it however she wants.

25           And ultimately, you can clean it up on redirect if

1    you think it's appropriate.

2              (Whereupon, the following proceedings were had in

3    open court:)

4              THE COURT:  The objection is overruled.

5              Mr. Fischer?

6    BY MR. FISCHER:

7    Q.  Agent, are you aware that the Government's claim in this

8    case -- or their theory in this case is that the purpose of

9    the QRF was to attack the United States Capitol?

10   A.  No.  The purpose of the QRF was to support an attempt to

11   keep Biden from taking power in whatever form that took.

12   Q.  Well, the Electoral College certification was meeting on

13   January 6th at the United States Capitol.  Correct?

14   A.  Correct.

15   Q.  So the QRF wasn't meant to invade the Department of

16   Labor.  Right?

17   A.  I think the QRF was meant to occupy D.C.

18   Q.  And so, Agent, you would agree -- so are you aware that

19   to get from the hotel in Arlington, where this Comfort Inn

20   is, to get to the Capitol, that you can simply take 66 east

21   to Route 1 south to 395 and it drops you off right on South

22   Capitol Street?  Were you aware of that route?

23   A.  I am aware of taking 66 to Constitution all the way to

24   the Capitol.  Yes.

25   Q.  Well, fair enough.

USA v. Thomas Edward Caldwell - 1/19/2021                1

```
1              IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF VIRGINIA
2                      HARRISONBURG DIVISION

3
      ***********************************************************
4     UNITED STATES OF AMERICA,        CASE NO.: 5:21-MJ-00004
                                       January 19, 2021
5                                      Rule 5 - Initial Appearance
              Plaintiff,               Zoom Videoconference
6         vs.

7     THOMAS EDWARD CALDWELL,          Before:
                                       HONORABLE JOEL C. HOPPE
8                                      UNITED STATES MAGISTRATE JUDGE
              Defendant.               WESTERN DISTRICT OF VIRGINIA
9
      ***********************************************************
10
      APPEARANCES:
11
      For the Plaintiff:
12
          CHRISTOPHER ROBERT KAVANAUGH
13        United States Attorneys Office - Charlottesville
          Western District of Virginia
14        255 West Main Street, Room 130
          Charlottesville, VA 22902
15        434-293-3981
          christopher.kavanaugh@usdoj.gov
16

17    For the Defendant:

18        LISA M. LORISH
          Federal Public Defenders Office
19        Western District of Virginia - Charlottesville
          401 E Market Street, Suite 106
20        Charlottesville, VA 22902
          434-220-3388
21        lisa_lorish@fd.org

22
      _____
23              Mary J. Butenschoen, Transcriber

24
      PROCEEDINGS TAKEN BY ELECTRONIC RECORDING; TRANSCRIBED USING
25    COMPUTER-AIDED TRANSCRIPTION.
```

USA v. Thomas Edward Caldwell - 1/19/2021          2

1     (Proceedings commenced 3:41. p.m.)

2          THE COURT:  Good afternoon.  Ms. Dotson, would you

3     please call the case.

4          THE CLERK:  Yes, Your Honor.  This is Criminal Action

5     Number 5:21-MJ-4.  *United States of America v. Thomas Edward*

6     *Caldwell.*

7          THE COURT:  Mr. Kavanaugh, is the government ready to

8     proceed?

9          MR. KAVANAUGH:  Yes, we are, Your Honor.  Good

10    afternoon.

11         THE COURT:  Good afternoon.  And Ms. Lorish, is the

12    defendant ready to proceed?

13         MS. LORISH:  He is, Your Honor.  Thank you.

14         THE COURT:  We're here for your initial appearance

15    and then also an identity and removal hearing, and that's

16    because you've been arrested on an arrest warrant on amended

17    complaint out of the United States District Court in the

18    District of Columbia.  So there are several things I need to go

19    over with you, and I'll advise you of some rights and the

20    nature of the charge against you, and then explain your right

21    to an identity hearing and production of the warrant.

22         I will need to ask you some questions, and your

23    answers do have to be under oath, so would you please raise

24    your right hand.

25              THOMAS EDWARD CALDWELL, SWORN

USA v. Thomas Edward Caldwell - 1/19/2021          20



8        Third and finally -- or third is the history and

9  characteristics of the individual, Mr. Caldwell.  And the

10  government admits that he does have minimal criminal history

11  and that appears that -- all I am aware of is that it appears

12  to be several traffic matters that are in fugitive status, but

13  that is the only evidence that I have regarding his criminal

14  history.  But regarding his characteristics is that it is --

15  the government alleges that he maintains a leadership position

16  with the Oath Keepers

USA v. Thomas Edward Caldwell - 1/19/2021                    1

```
 1              IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF VIRGINIA
 2                      HARRISONBURG DIVISION

 3
        *****************************************************
 4   UNITED STATES OF AMERICA,        CASE NO.: 5:21-MJ-00004
                                      January 19, 2021
 5                                    Rule 5 - Initial Appearance
                Plaintiff,            Zoom Videoconference
 6         vs.

 7   THOMAS EDWARD CALDWELL,          Before:
                                      HONORABLE JOEL C. HOPPE
 8                                    UNITED STATES MAGISTRATE JUDGE
                Defendant.            WESTERN DISTRICT OF VIRGINIA
 9
        *****************************************************
10
     APPEARANCES:
11
     For the Plaintiff:
12
           CHRISTOPHER ROBERT KAVANAUGH
13         United States Attorneys Office - Charlottesville
           Western District of Virginia
14         255 West Main Street, Room 130
           Charlottesville, VA 22902
15         434-293-3981
           christopher.kavanaugh@usdoj.gov
16

17   For the Defendant:

18         LISA M. LORISH
           Federal Public Defenders Office
19         Western District of Virginia - Charlottesville
           401 E Market Street, Suite 106
20         Charlottesville, VA 22902
           434-220-3388
21         lisa_lorish@fd.org

22
           _____
23                 Mary J. Butenschoen, Transcriber

24
     PROCEEDINGS TAKEN BY ELECTRONIC RECORDING; TRANSCRIBED USING
25   COMPUTER-AIDED TRANSCRIPTION.
```

USA v. Thomas Edward Caldwell - 1/19/2021                2

1   (Proceedings commenced 3:41. p.m.)

2          THE COURT:  Good afternoon.  Ms. Dotson, would you

3   please call the case.

4          THE CLERK:  Yes, Your Honor.  This is Criminal Action

5   Number 5:21-MJ-4.  *United States of America v. Thomas Edward*

6   *Caldwell.*

7          THE COURT:  Mr. Kavanaugh, is the government ready to

8   proceed?

9          MR. KAVANAUGH:  Yes, we are, Your Honor.  Good

10  afternoon.

11         THE COURT:  Good afternoon.  And Ms. Lorish, is the

12  defendant ready to proceed?

13         MS. LORISH:  He is, Your Honor.  Thank you.

14         THE COURT:  We're here for your initial appearance

15  and then also an identity and removal hearing, and that's

16  because you've been arrested on an arrest warrant on amended

17  complaint out of the United States District Court in the

18  District of Columbia.  So there are several things I need to go

19  over with you, and I'll advise you of some rights and the

20  nature of the charge against you, and then explain your right

21  to an identity hearing and production of the warrant.

22         I will need to ask you some questions, and your

23  answers do have to be under oath, so would you please raise

24  your right hand.

25                 THOMAS EDWARD CALDWELL, SWORN

USA v. Thomas Edward Caldwell - 1/19/2021          20



8       Third and finally -- or third is the history and

9   characteristics of the individual, Mr. Caldwell.  And the

10  government admits that he does have minimal criminal history

11  and that appears that -- all I am aware of is that it appears

12  to be several traffic matters that are in fugitive status, but

13  that is the only evidence that I have regarding his criminal

14  history.  But regarding his characteristics is that it is --

15  the government alleges that he maintains a leadership position

16  with the Oath Keepers

```
 1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2
       * * * * * * * * * * * * * *  )
 3     UNITED STATES OF AMERICA,    )    Criminal Action
                                    )      No. 22-00015
 4                  Plaintiff,      )
                                    )
 5        vs.                       )    AFTERNOON SESSION
                                    )
 6     ELMER STEWARD RHODES, III,   )    Washington, D.C.
       et al.,                      )    October 17, 2022
 7                                  )
                    Defendants.     )    1:31 p.m.
 8
       * * * * * * * * * * * * * *  )
 9


10

              TRANSCRIPT OF JURY TRIAL - DAY 12
11          BEFORE THE HONORABLE AMIT P. MEHTA,
                UNITED STATES DISTRICT JUDGE
12


13
       APPEARANCES:
14
       FOR THE GOVERNMENT:     KATHRYN L. RAKOCZY, ESQ.
15                             TROY A. EDWARDS, JR., ESQ.
                               JEFFREY S. NESTLER, ESQ.
16                             LOUIS MANZO, ESQ.
                               UNITED STATES ATTORNEY'S OFFICE
17                               FOR THE DISTRICT OF COLUMBIA
                               601 D Street, Northwest
18                             Washington, D.C. 20579

19                             ALEXANDRA S. HUGHES, ESQ.
                               JUSTIN T. SHER, ESQ.
20                             U.S. DEPARTMENT OF JUSTICE
                               950 Pennsylvania Avenue, Northwest
21                             Washington, D.C. 20530

22
       FOR THE DEFENDANT       PHILLIP A. LINDER, ESQ.
23            RHODES:          JAMES L. BRIGHT, ESQ.
                               EDWARD L. TARPLEY, JR., ESQ.
24                             BARRETT BRIGHT LASSITER LINDER
                               3300 Oak Lawn Avenue
25                             Suite 700
                               Dallas, Texas 75219
```

APPEARANCES, CONT'D:

| | |
|---|---|
| FOR THE DEFENDANT MEGGS: | STANLEY E. WOODWARD, JR., ESQ.<br>BRAND WOODWARD LAW<br>1808 Park Road, Northwest<br>Washington, D.C. 20010 |
| | JULI HALLER, ESQ.<br>LAW OFFICES OF JULI HALLER<br>601 Pennsylvania Avenue, Northwest<br>Suite 900<br>Washington, D.C. 20036 |
| FOR THE DEFENDANT HARRELSON: | BRADFORD L. GEYER, ESQ.<br>FORMERFEDSGROUP.COM, LLC<br>141 I Route 130 South<br>Suite 303<br>Cinnaminson, New Jersey 08077 |
| FOR THE DEFENDANT WATKINS: | JONATHAN W. CRISP, ESQ.<br>CRISP AND ASSOCIATES, LLC<br>4031 North Front Street<br>Harrisburg, Pennsylvania 17110 |
| FOR THE DEFENDANT CALDWELL: | DAVID W. FISCHER, SR., ESQ.<br>FISCHER & PUTZI, P.A.<br>7310 Governor Ritchie Highway<br>Glen Burnie, Maryland 21061 |
| REPORTED BY: | LISA EDWARDS, RDR, CRR<br>Official Court Reporter<br>United States District Court for the<br> District of Columbia<br>333 Constitution Avenue, Northwest<br>Room 6706<br>Washington, D.C. 20001<br>(202) 354-3269 |

```
1    Q.   Okay.  Which direction on that map would the Capitol be?

2    A.   To the east.

3    Q.   Okay.  Fair enough.

4         And, Agent, where you just -- where you pointed up

5    here, M Street, where Mr. Caldwell is sending the QRF, you

6    would agree that that's going in a different direction than

7    where the United States Capitol is.

8    A.   I don't recall any messages that the QRF were

9    specifically for anything at the Capitol.

10   Q.   I'm sorry?  Are you -- you're saying the QRF had nothing

11   to do with the Capitol?

12   A.   No.  I said I didn't see any messages that that would

13   have been the destination of the QRF.

14   Q.   Well, you understand the Government's entire theory was

15   the QRF is for the purpose of attacking the United States

16   Capitol.  Right?

17   A.   That is not my understanding.

18            MR. MANZO:  Objection.

19            THE COURT:  Sustained.

20            MR. FISCHER:  Your Honor, could we get on the

21   phone?

22            (Whereupon, the following proceedings were had at

23   sidebar outside the presence of the jury:)

24            MR. FISCHER:  Your Honor, during the opening

25   argument, Mr. Nestler specifically said that this QRF was to
```

1    attack the Capitol.  I have the transcript.

2         THE COURT:  Okay.  If that's what he said.  You've

3    probably got a better recollection than I do.  Okay.

4         Mr. Manzo?

5         MR. MANZO:  We would disagree with that unless we

6    saw the transcript.  And talking about the legal theory of

7    the case --

8         MR. FISCHER:  Your Honor, what it says is:  You

9    will hear evidence during this trial that these five

10   Defendants reached an agreement with each other to stage an

11   arsenal of firearms, including semiautomatic rifles, just

12   across the Potomac in Arlington and to physically prevent

13   members from coming -- from meeting and certifying the

14   election as they descended upon D.C. to attack not just the

15   Capitol, not just Congress, not just our government, but our

16   country.

17        MR. MANZO:  And we would disagree with

18   Mr. Fischer's assertion that the QRF was to attack the

19   Capitol.  The QRF was available.

20        THE COURT:  I'm sorry?

21        MR. MANZO:  The QRF was available and then there

22   was an attack on the Capitol.

23        THE COURT:  Well, look, you can ask the question

24   and she'll answer it however she wants.

25        And ultimately, you can clean it up on redirect if

Hilgeman - CROSS - By Mr. Fisher

1    you think it's appropriate.

2         (Whereupon, the following proceedings were had in

3    open court:)

4         THE COURT:  The objection is overruled.

5         Mr. Fischer?

6    BY MR. FISCHER:

7    Q.  Agent, are you aware that the Government's claim in this

8    case -- or their theory in this case is that the purpose of

9    the QRF was to attack the United States Capitol?

10   A.  No.  The purpose of the QRF was to support an attempt to

11   keep Biden from taking power in whatever form that took.

12   Q.  Well, the Electoral College certification was meeting on

13   January 6th at the United States Capitol.  Correct?

14   A.  Correct.

15   Q.  So the QRF wasn't meant to invade the Department of

16   Labor.  Right?

17   A.  I think the QRF was meant to occupy D.C.

18   Q.  And so, Agent, you would agree -- so are you aware that

19   to get from the hotel in Arlington, where this Comfort Inn

20   is, to get to the Capitol, that you can simply take 66 east

21   to Route 1 south to 395 and it drops you off right on South

22   Capitol Street?  Were you aware of that route?

23   A.  I am aware of taking 66 to Constitution all the way to

24   the Capitol.  Yes.

25   Q.  Well, fair enough.