IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-15 (APM) |
| | : | |
| THOMAS CALDWELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT CALDWELL'S REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S NOTICE OF NEW AUTHORITY IN SUPPORT OF DEFENDANT'S
<u>MOTIONS FOR ACQUITTAL AND NEW TRIAL</u>**

Pursuant to the Court's December 11, 2022, minute order governing post-trial filings, Defendant Thomas Caldwell (with his co-defendants) filed motions for judgment of acquittal and new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. ECF 434 and 435. Following the government's opposition, ECF 440 and 442, on January 24, 2023, Caldwell (with his co-defendants) filed replies in support of his motions, ECF 462 and 463.

On April 13, 2023, Caldwell filed a "notice of new authority" in support of his motions, citing to the D.C. Circuit's decision the week prior in *United States v. Fischer*, -- F.4th --, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023). ECF 521. On April 18, the government filed a response to Caldwell's notice. ECF 538. On April 23, Caldwell filed a purported "reply" in support his notice. ECF 541.

There is no provision in the Federal or Local Rules for filing a reply in support of a notice of new authority. *Cf.* Local R. Crim. P. 47(d) (explicitly allowing a reply brief in support of a motion). As the D.C. Circuit explained in the analogous context of a letter advising the appellate court of supplemental authority, these letters "should not be employed as a second opportunity to brief an issue not raised in the initial briefs." *Williams v. Romarm, SA*, 756 F.3d 777, 787 (D.C.

Cir. 2014) (citing Fed. R. App. P. 28(j)).  Indeed, while Rule 28(j) explicitly allows for a "response" to a letter of supplemental authority, it does not allow for a reply.

In his purported reply, Caldwell raised a new argument: that the government's citation to *United States v. Young*, 916 F.3d 368 (4th Cir. 2019), in its briefing in *Fischer*, somehow compels Caldwell's acquittal on Count 13, in which the jury found Caldwell guilty of violating 18 U.S.C. 1512(c)(1).  ECF 541 at 7-9.

But the government's D.C. Circuit brief in *Fischer* was filed on August 8, 2022—well prior to the trial in this case.  And the government's citation to *Young* in its brief in *Fischer* was for the non-controversial proposition that, to establish a violation of Section 1512(c), the government must satisfy the "nexus" requirement, derived from the Supreme Court's decisions in *United States v. Aguilar*, 515 U.S. 593 (1995), and *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).  Gov't Br. in *Fischer*, Case No. 22-3038 (D.C. Cir.), at 51-52.  Indeed, the parties' jointly proposed jury instruction for the Section 1512(c)(1) charges, submitted on September 9, 2022, and filed on November 2, 2022, at ECF 380, explicitly incorporated this "nexus" requirement.  The Court's final jury instructions similarly included this nexus requirement for this charge.  *See* ECF 400 at 41 ("If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.").

"Courts generally 'need not consider' arguments raised for the first time in reply briefs." *United States v. Mejia*, No. 10-CR-256-03 (RCL), 2023 WL 2297465, at *1 n.2 (D.D.C. Feb. 23, 2023) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008)).  "This is 'due to concern that the opposing party would lose an opportunity to respond.'"  *Id*. (quoting *United States v. Brown*, 249 F. Supp. 3d 287, 295 n.1 (D.D.C. 2017) (citation omitted)).

Should the Court consider defendant Caldwell's new argument filed in his reply brief, the government moves to file the attached surreply. Before filing a surreply, a party must move the court for leave to file. *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001). "The decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court." *Mejia*, 2023 WL 2297465, at *1 n.3 (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)); *see also Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014)). "A district court should consider 'whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'" *Id*. (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)); *see also Groobert v. President and Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (permitting party to file a surreply because it addressed a new matter presented by the defendants' reply); *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration that was not included in the original motion, which raised "matters presented to the court for the first time"); *Am. Forest & Paper Ass'n v. U.S. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996) (permitting party to file a proposed surreply because it was "helpful to the adjudication o the . . . motions in this case, and is not unduly prejudicial" to the opposing party).

Here, defendant Caldwell did not move for judgment of acquittal based on the Fourth Circuit's 2019 *Young* decision or the government's citation to that decision in its briefing in *Fischer*. Now he does so for the first time in his (unallowed) reply brief in support of his notice of supplemental authority. Denying the government's motion would leave the government without

an opportunity to respond to defendant Caldwell's new argument, and granting the motion would not prejudice defendant Caldwell and would be helpful in resolving the pending motions.

WHEREFORE, the government respectfully requests that the Court grant the government's motion to file the surreply attached to this motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Troy A. Edwards, Jr.
Alexandra Hughes
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530
