IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                    *

vs.                              *   Case No.: 22-15 APM

THOMAS E. CALDWELL               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CALDWELL'S UNOPPOSED MOTION TO CONTINUE SENTENCING

COMES NOW, Thomas E. Caldwell, by and through counsel, David W. Fischer, Esq., and respectfully moves this Court to continue his sentencing, currently scheduled for April 4, 2024, pending the resolution of *United States v. Fischer*, No. 23-5572, currently pending before the U.S. Supreme Court, a decision that will determine whether 18 U.S.C. § 1512(c)(2) applies to his conduct upon which he was convicted. Additionally, the instant request is based upon the D.C. Circuit's recent decision in *United States v. Brock*, No. 23-3045, 2024 WL 875795, at *8 (D.C. Cir. Mar. 1, 2024) (holding that, for purposes of U.S.S.G. §2J1.2, the phrase "administration of justice" does not include Congress's certification of the Electoral College). Caldwell requests that the Court reschedule his sentencing until late July 2024. Notably, the Government, per Assistant U.S. Attorney Kathryn Rakoczy, has changed its previous position and now does not oppose Caldwell's request to continue the sentencing in the instant case.

Although the Court denied Caldwell's previous request to stay his sentencing based upon *Fischer*, circumstances have changed as a result of 1) the *Brock* decision; and 2) the

1

Government's decision to not oppose the instant request. Additionally, the Court granted a similar request made by co-defendant Donovan Crowl. *See United States v. Crowl* (ECF 1080). Mr. Crowl's sentencing was continued until July 25, 2024.

Respectfully, Caldwell's sentencing should be continued for the same reasons that Crowl's sentencing was continued. First, *Fischer* will very likely be decided in June, and that decision could potentially result in Caldwell being acquitted of the most serious count against him. Second, the *Brock* decision will require the PSR author to recalculate the sentencing guidelines to account for a reduction of 11 levels required by *Brock*, which potentially could raise a multitude of complicated issues at sentencing.[1] Caldwell's sentencing guidelines will be substantially reduced and potentially close to—and perhaps in--Zone C of the guidelines. Third, the PSR does not include a definitive guidelines calculation for Caldwell's other count of conviction (evidence tampering obstruction) as that count is grouped with the Electoral College certification obstruction count. If *Fischer* is decided in Caldwell's favor, the Court will require input from the PSR author as to recommended sentencing guidelines as to evidence tampering obstruction. Finally, a continuance of the sentencing hearing will preserve judicial resources and costs for the Court, U.S. Probation,

---

[1] The impact of the *Brock* decision alone suggests that a stay of the proceedings is prudent. For example, based upon Caldwell's request for a "role reduction" coupled with the 11-level reduction mandated by *Brock*, and depending on how the Court rules on Caldwell's objections to guidelines issues such as "scope and planning," "leadership," "acceptance of responsibility," and "obstruction of justice," it is possible that the Electoral College certification obstruction count guidelines range will be *lower* than the evidence tampering obstruction count guidelines, which would require that the former be "grouped" into the latter guidelines. Lengthy briefing and arguments over these issues—and a reworking of the PSR by U.S. Probation—will be unnecessary if *Fischer* is decided favorably vis-à-vis Caldwell.

and Caldwell, avoid duplication of efforts and unnecessary arguments for all concerned, and a potential resentencing later.

## CONCLUSION

Caldwell, without objection from the Government, respectfully requests that the Court continue his sentencing until late July 2024, i.e., after the Supreme Court resolves the applicability of 18 U.S.C. § 1512(c)(2) to Caldwell's conduct on January 6, 2021.

Respectfully Submitted,

_____/s/_____
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 300
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826

**CERTFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 20th day of March, 2024, a copy of the foregoing Unopposed Motion to Continue Sentencing was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:      Kathryn Rakoczy, AUSA
Troy Edwards, AUSA
Jeffrey Nestler, AUSA
Louis Manzo, AUSA
Alexandra Hughes, AUSA
Office of the United States Attorney
555 4th Street, NW
Washington, DC 20001

                /s/
            David W. Fischer, Esq.