**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES * | |
| vs. * | Case No.: 22-15-APM |
| THOMAS E. CALDWELL * | |

\* \* \* \* \* \* \* \* \* \* \*

**CALDWELL'S SUPPLEMENTAL SENTENCING MEMORANDUM**

COMES NOW, the defendant, Thomas E. Caldwell ("Caldwell"), by and through counsel, David W. Fischer, Esq., and files this supplemental memorandum to aid the Court in sentencing. Caldwell previously filed a Memorandum in Aid of Sentencing, (ECF No. 563), on May 5, 2023.

**I.   Additional Objections to the PSR**

Per the Court's instruction, the United States Probation Office filed a Memorandum dated September 17, 2024 (hereinafter "Memo") setting forth renewed findings regarding Caldwell's potential sentencing guidelines. As the Government, in light of *United States v. Fischer*, 144 S. Ct. 2176 (2024), is not opposing Caldwell's pending Rule 29 reconsideration motion for judgment of acquittal as to Count 3 of the Indictment, Caldwell will note objections only as to the PSR's calculations as to the remaining count, Count 13, which involves evidence tampering.

*A.  Caldwell qualifies as a Zero-Point Offender*

Caldwell objects to the Probation Officer's determination that he does not qualify

1

as a Zero-Point Offender pursuant to U.S.S.G. §4C1.1(a).  (Memo at ¶14).  First, Caldwell has no prior criminal history.  Second, none of the eleven disqualifiers set forth in §4C1.1(a) for receiving a Zero-Point Offender reduction apply to Caldwell's conviction for evidence tampering, which was alleged to have occurred several days after January 6.  Accordingly, Caldwell should receive a 2-level reduction in his Offense Level for being a Zero-Point Offender.

### B. *Caldwell objects to a 2-level increase under U.S.S.G. §2J1.2(b)(3)(B)*

Caldwell objects to the Probation Officer's finding that he qualifies for a 2-level increase in his Offense Level based upon U.S.S.G. §2J1.2(b)(3)(B), which applies "[if] the offense . . . (B) involved the selection of any essential or especially probative record, document, or tangible object, to destroy or alter[.]"  U.S.S.G. §2J1.2(b)(3)(B) (emphasis added).  Caldwell disputes that his selfies taken at the Capitol with his wife were "essential or especially probative" of anything.  Caldwell's deleted photos simply proved the obvious—that he was at the Capitol on January 6.  They depicted no violence, no assaults on police, and no Oath Keepers.  Caldwell fully admitted to the FBI, subsequent to his arrest, that he was at the Capitol, which suggests he had no motive to hide his whereabouts.  Additionally, it was common knowledge that the Capitol grounds were saturated with security cameras.  That Caldwell, at the time of his arrest, *possessed at least two backup copies of all of the deleted photographs on his phone and hard drive* further proves that the deleted photos were not "essential or especially probative."

Similarly, the "unsent" video to Donovan Crowl was neither "essential or especially probative." In fact, the video—actually a "link" to a website—had already been viewed by the FBI days before it was unsent. Further, as noted in prior filings, the video did not show Caldwell or any Oath Keepers entering the Capitol. The government in discovery has produced dozens of cell phone videos, CCTV videos from the Capitol, and other videos depicting the events on the east side of the Capitol, which hardly makes a video segment produced by a media outlet "essential or especially probative." Moreover, as noted in previous filings, Caldwell's recovered Facebook records contained this video link (in threads with Caldwell's other contacts), and he had previously texted this same link/video to Crowl, who never deleted it.

In short, what Caldwell allegedly deleted/unsent was not "essential" because he retained *copies of the same items* on his phone, computer, hard drive, and Facebook records. And the deleted/unsent items were not exactly akin to throwing a murder weapon in the river and, thus, were neither essential nor "especially probative." The jury, importantly, did not find the deleted/unsent items particularly probative. The deleted/unsent items were introduced by the government to the jury, which subsequently acquitted Caldwell on all conspiracy counts. Apparently, the jury had its doubts about how probative the deleted/unsent items were vis-à-vis Caldwell's alleged connection to a conspiracy. Accordingly, Caldwell should not receive a 2-level increase pursuant to §2J1.2(b)(3)(B).

## II. Caldwell recently underwent spinal neck fusion surgery

In addition to Caldwell's numerous, documented medical ailments, the Court should be advised that Caldwell, on October 22, 2024, underwent spinal fusion surgery on his neck and is currently recuperating at home. Undersigned counsel is currently in the process of gathering medical documentation to provide to the Court in a timely fashion. Respectfully, a sentence that includes incarceration would be inappropriate based upon Caldwell's recent fusion surgery and his status as a 100% service-connected disabled veteran.

## III. Conclusion

Caldwell's final Offense Level should be Level 12, as his Base Offense Level (14) should be reduced by 2 levels based upon his status as a Zero-Point Offender. Accordingly, Caldwell's Guidelines range for incarceration is 10-16 months and falls within Zone C of the sentencing table. The Court should also consider downward departures for Caldwell's age (70), compromised physical condition, and prior military service. *See* U.S.S.G. §§5H1.1, 5H1.4, and 5H1.11.

Caldwell's medical ailments, his status as a Zero-Point Offender, his full acquittal on January 6-related conspiracy counts at a time when D.C. juries had not acquitted a single defendant of a single count (65-0), his perfect performance while on pretrial release, and his military service that resulted in a lifetime of debilitating injuries suggest that a sentence of time-served (53 days) is appropriate.

Respectfully submitted,

_____/s/_____
David W. Fischer, Esq.
Federal Bar No. 023787
Empire Towers, Suite 1007
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for the Defendant

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 4th day of November, 2024, a copy of the foregoing Caldwell's Supplemental Sentencing Memorandum was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:        Kathryn Rakoczy, AUSA
                                              Office of the United States Attorney
                                              555 4th Street, NW
                                              Washington, DC 20001

                                                            /s/
                                              David W. Fischer, Esq.